JAP:MKP

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | TO BE FILED UNDER SEAL<br><br>APPLICATION FOR HISTORICAL CELL-SITE INFORMATION PER § 2703(d)<br><br>No. 16-MISC 1339 |

APPLICATION OF THE UNITED STATES
FOR AN ORDER FOR HISTORICAL CELL-SITE INFORMATION
PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Sprint/Nextell, a cellular service provider, located in Overland Park, Kansas, to disclose certain records and other information pertaining to the cellular telephone assigned call number (347) 300-3540, as described in Part I of Attachment A to the proposed Order. The records and other information to be disclosed are described in Part II of Attachment A. In support of this application, the United States asserts:

LEGAL BACKGROUND

1.  Sprint/Nextell is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15). Accordingly, the United States may use a court order issued under § 2703(d) to require Sprint/Nextell to disclose the items described in Part II of Attachment A, as these records pertain to a subscriber of electronic communications service and are not the contents of communications. *See* 18 U.S.C. § 2703(c)(1).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711(3). *See* 18 U.S.C. § 2703(d). Specifically, the Court [is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4. The United States is investigating the burglary of a United States Postal Facility. The investigation concerns possible violations of 18 U.S.C. § 2115.

5. On May 3, 2016 at approximately 5:00 PM, the cafeteria located at the United States Postal Service ("USPS") Brooklyn Processing and Distribution Center was burglarized. Postal Inspectors responded, and it was determined that an individual used a fire extinguisher to break the door handles of the owner's office. Once entry was gained the suspect broke the door handle of a second door with the same fire extinguisher. In this room the owner had a safe which was left open. The suspect took approximately $20,000.

6. Employees from the cafeteria were interviewed and they provided that RICARDO VASQUEZ, who had previously worked in the cafeteria but had been fired a few weeks prior, had never returned his USPS identification. The owner of the cafeteria informed Postal

Inspectors that he called RICARDO VASQUEZ the day of the robbery using the (347) 300-3540 number. During that conversation, RICARDO VASQUEZ admitted he had been in the building that day. The following day, May 4, 2016, RICARDO VASQUEZ called the owner, again using the number (347) 300-3540. During that conversation, RICARD VASQUEZ reiterated that he had been in the building the day before, claiming he had been there to meet a woman. RICARDO VASQUEZ also made a number of cryptic comments to the owner, staying "When I was a child I wanted to die, I hated life, but now I don't want to die, I like life, but do you feel like crying now?"

7. Based on the foregoing it is anticipated that the records described in Attachment A will provide relevant and material evidence for the ongoing investigation, specifically, information regarding RICARDO VASQUEZ's whereabouts in the days surrounding the burglary.

## REQUEST FOR ORDER

8. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to identify and locate the individual(s) who are responsible for the events described above, and to determine the nature and scope of their activities. Accordingly, the United States requests that Sprint/Nextel be directed to produce all items described in Part II of Attachment A to the proposed Order.

9. The United States further requests that the Order require Sprint/Nextel not to notify any person, including the subscribers or customers of the account(s) listed in Part I of Attachment A, of the existence of the Order until further order of the Court. *See* 18 U.S.C. §

3

2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.* In this case, such an order would be appropriate because the requested Order relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the requested Order will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

10.  The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Dated: Brooklyn, New York
_____May 17_____, 2016

                                       ROBERT L. CAPERS
                                       United States Attorney
                                       Eastern District of New York

By: _____
       Moira Kim Penza
       Assistant United States Attorney
       718-254-6454

4

JAP:MKP

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | TO BE FILED UNDER SEAL<br>16 MISC 1339 |

## ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Sprint/Nextel, an electronic communications service provider and/or a remote computing service located in Overland Park, Kansas, to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Sprint/Nextel shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that Sprint/Nextel shall not disclose the existence of the application of the United States, or the existence of this Order of the Court, to the subscribers of the account(s) listed in Attachment A, or to any other person, unless

and until otherwise authorized to do so by the Court, except that Sprint/Nextel may disclose this Order to an attorney for Sprint/Nextel for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court.

Dated: Brooklyn, New York
       May 17, 2016

S/ Peggy Kuo
The Hon. Peggy Kuo
United States Magistrate Judge

2

## ATTACHMENT A

I. **The Account(s)**

The Order applies to records and information associated with the cellular telephone assigned call number 347-300-3540 (the "Account").

II. **Records and Other Information to Be Disclosed**

Sprint/Nextel is required to disclose the following records and other information, if available, to the United States for each Account listed in Part I of this Attachment, for the time period May 2, 2016-May 4, 2016:

    A.    The following information about the customers or subscribers of the Account:

        1. Names (including subscriber names, user names, and screen names);
        2. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
        3. Local and long distance telephone connection records;
        4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
        5. Length of service (including start date) and types of service utilized;
        6. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"));
        7. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and
        8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

B.     All records and other information (not including the contents of communications) relating to wire and electronic communications sent from or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and including information regarding the cell towers and sectors through which the communications were sent or received.

# **CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)**

I, _____, attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by Sprint/Nextel, and my official title is _____. I am a custodian of records for Sprint/Nextel. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of Sprint/Nextel, and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

    a.    all records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

    b.    such records were kept in the ordinary course of a regularly conducted business activity of Sprint/Nextel; and

    c.    such records were made by Sprint/Nextel as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____  _____
Date                                            Signature